# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

        Plaintiff,

v.

STATE OF WISCONSIN
DEPARTMENT OF CORRECTIONS
and JON LITSCHER,

        Defendants.

Case No. 17-CV-448-JPS

**ORDER**

Plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). On April 18, 2017, the Court screened his original complaint and dismissed it, finding that Plaintiff had stated no actionable claims. (Docket #9). The Court directed Plaintiff to file an amended complaint, which he filed on April 24, 2017. (Docket #12).[1]

As noted in the first screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are "frivolous or malicious," that fail to state a claim upon which

---

[1] As he did with his original complaint, *see* (Docket #9 at 4 n.1), Plaintiff attached to his amended complaint many pages of exhibits. *See* (Docket #12-1). As before, the Court ignored these documents, since a complaint must be judged solely on the allegations within its four corners. *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976). Additionally, per Plaintiff's request (Docket #11), the Court will allow Plaintiff to withdraw his first attempt at filing an amended complaint (Docket #10).

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). All of the standards cited in the first screening order remain applicable here. (Docket #9 at 1–3).

In his amended complaint, Plaintiff alleges that the relevant events occurred while he was incarcerated at Foxlake Correctional Institution ("FCI"), from March 11, 2014, until January 24, 2017. (Docket #12 at 3–4). Plaintiff has chronic ulcerative colitis as a complication of Crohn's disease, which means that he has to use the restroom often and that the need to do so arises urgently and without warning. *Id.* at 4.

Plaintiff claims that FCI had a policy of refusing toilet access to inmates who were using the indoor recreation facility. *Id.* at 5. The facility contains both a gym and a music room. *Id.* Recreation and music practice periods last one hour, and inmates can stay for the whole hour or leave at the thirty-minute mark. *Id.* Recreation periods are offered no less than twice per day, and music practice time is offered once per day. *Id.* Additionally, religious and holiday programs, as well as special sporting events, are held in the recreation facility. *Id.*

Plaintiff claims that prison policy dictated that no inmate was allowed access to a toilet—not even the toilet inside the facility, which is reserved for inmate recreation workers—during recreation time, music practice time, or during any other activity held in the recreation facility. *Id.* He claims that although he could have left such activities to use the toilet in his housing unit, the distance between the two locations meant that he would soil himself before arriving at his cell if his ulcerative colitis flared. *Id.* Additionally, for special programs held in the facility, no one was allowed to leave early, even to use the toilet. *Id.* at 6.

Thus, although he wanted to attend recreation time, the toilet ban prevented Plaintiff from doing so. *Id.* Likewise, Plaintiff alleges that he is a musician, but the lack of toilet access precluded him from participating in any band activities at FCI. *Id.* at 6. Finally, Plaintiff claims that the toilet ban prevented him from attending religious or other special programs held in the recreation facility. *Id.* Plaintiff complained about the toilet ban and asked that an exception be made for him based on his condition, but he was told repeatedly that no exceptions would be made for him, and his inmate grievances on the matter were rejected at every level of review. *Id.* at 5.

In his amended complaint, Plaintiff claims that FCI's toilet ban constituted discrimination and denial of reasonable accommodations for his disability, in violation of the Americans with Disabilities Act ("ADA") and/or the Rehabilitation Act. *Id.* at 4, 7–8.[2] He seeks a declaratory judgment in his favor as well as damages against the Wisconsin Department of Corrections and its Secretary, Jon Litscher, in his official capacity. *Id.* at 7, 9.

Given the allegations of the amended complaint, the Court is obliged to conclude that Plaintiff's claims should proceed. A prima facie case under Title II of the ADA or the Rehabilitation Act requires a plaintiff to show: (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based

---

[2]Plaintiff also suggests in passing that denial of toilet access was an Eighth Amendment violation and a violation of equal protection principles. (Docket #12). He tried to raise these claims in his original complaint, and the Court rejected them because they are without merit. (Docket #9 at 5–8). Plaintiff's amended allegations do not change the Court's outlook, so those claims will remain dismissed.

on his disability. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).³ These statutes protect against both intentional discrimination and failure to make reasonable accommodations for the plaintiff's disability. *Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir. 2006). In the prison context, whether accommodations are reasonable must be judged "in light of the overall institutional requirements," including "[s]ecurity concerns, safety concerns, and administrative exigencies." *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 561 (7th Cir. 1996); 28 C.F.R. § 35.130(h). Determining the reasonableness of a particular accommodation, especially in the prison context, is "highly fact-specific" and decided on a case-by-case basis. *Dadian v. Vill. of Wilmette*, 269 F.3d 831, 838–39 (7th Cir. 2001). Prison officials sued in their individual capacities are not amenable to suit under either statute, but such claims can be made against the state agency in charge of the prison. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670–71 (7th Cir. 2012).

Put simply, Plaintiff's claim is that it would have been easy for FCI to allow him to use the existing toilet in the recreation facility in light of his bowel condition. *See* (Docket #1 at 7–8). Despite this, his repeated requests for accommodation were denied. This suffices at the screening stage to state a claim for discrimination or failure to accommodate under the ADA and the Rehabilitation Act. As a result, these claims will be permitted to proceed.

For the reasons stated above, Plaintiff will be permitted to proceed on the following claims: (1) intentional discrimination and/or failure to accommodate Plaintiff's ulcerative colitis, in violation of the ADA, arising

---

³The ADA applies to state prisons, *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998), and because all such institutions receive federal funds, the Rehabilitation Act also applies, *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012).

from denial of toilet access in the recreation facility at FCI; and (2) intentional discrimination and/or failure to accommodate Plaintiff's ulcerative colitis, in violation of the Rehabilitation Act, arising from denial of toilet access in the recreation facility at FCI.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #12) shall be the operative complaint in this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this order; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge